THE STATE OF OHIO, APPELLEE, *v.* BEZAK, APPELLANT.

[Cite as *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250.]

(No. 2005–0338—Submitted February 14, 2007—Decided July 11, 2007.)

MOYER, C.J.

{¶ 1} Appellant, Jack Bezak, appeals from the judgment of the Court of Appeals for Cuyahoga County that vacated his sentence for obstructing justice in violation of R.C. 2921.32 and remanded his case to the trial court for resentencing.

{¶ 2} For the following reasons, we affirm the judgment of the court of appeals vacating Bezak's sentence and modify the remand instructions to the trial court.

{¶ 3} At trial, the state presented evidence, upon which Bezak was convicted, that he had given false information to the police about a parolee who had failed to report to his parole officer. At sentencing, the trial judge stated: "You'll be out in the not too distant future, at that point you won't have a—probably will not be on post-release control given that it's a six-month sentence, but I can't guarantee that." The trial judge allowed for postrelease control in the journal entry imposing the sentence.

{¶ 4} Bezak appealed his conviction and sentence to the Eighth District Court of Appeals. The court of appeals affirmed the conviction but remanded the case for resentencing pursuant to *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864. The court of appeals stated: "When a trial court fails to properly discharge its statutory duty with respect to postrelease control notifica-

tion, the sentence must be vacated and the matter remanded for resentencing." *State v. Bezak*, Cuyahoga App. No. 84008, 2004-Ohio-6623, 2004 WL 2830799, at ¶ 40, citing *Jordan* at ¶ 28. The court of appeals held that Bezak's case "must be remanded for resentencing so that appellant may be advised that he is subject to post-release control." Id. at ¶ 41.

{¶ 5} Bezak filed a motion for reconsideration with the court of appeals, requesting that the court remove the clause that stated "so that appellant may be advised that he is subject to post-release control." Bezak argued that the clause was ambiguous and requested that the clause be removed to ensure that the trial court would grant Bezak a new sentencing hearing. Bezak's motion for reconsideration was denied without opinion.

{¶ 6} The question presented is whether, when a court of appeals remands a case for resentencing because of the trial court's failure to inform the offender at the sentencing hearing that he may be subject to postrelease control, the court must conduct a new sentencing hearing or may instead merely give that information in open court and summarily reimpose the original sentence. We conclude that Bezak was entitled to a de novo sentencing hearing pursuant to *Jordan*.

{¶ 7} In *Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, this court resolved a conflict between appellate court decisions addressing trial courts that failed at sentencing hearings to inform offenders about postrelease control but incorporated the notice into a sentencing entry. Id. at ¶ 1. We briefly reviewed provisions of Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, effective July 1, 1996, and noted the additional duties imposed on trial courts in furtherance of the General Assembly's goal of truth in sentencing. We also examined two of our cases: *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, which held that certain findings required by R.C. 2929.19 must be spoken on the record at the sentencing hearing, and *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, which held that R.C. 2929.19(B)(5) requires a trial court to deliver the statutorily required notification at the sentencing hearing when sentencing an offender to a community-control sanction.

{¶ 8} We determined that the reasoning used in both *State v. Comer* and *State v. Brooks* also applied in *State v. Jordan* and held that "[w]hen sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence." *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at paragraph one of the syllabus.

{¶ 9} We next considered the question presented when a trial court fails to notify the offender of postrelease control at the sentencing hearing: Should the case be remanded for resentencing or should the postrelease control be eliminat-

ed from the offender's sentence? We held that "[b]ecause a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing, any sentence imposed without such notification is contrary to law." *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at ¶ 23.

{¶ 10} We relied on our reasoning in *State v. Beasley* (1984), 14 Ohio St.3d 74, 14 OBR 511, 471 N.E.2d 774 (holding that the trial court's correction of a statutorily incorrect sentence did not violate appellant's right to be free from double jeopardy), for the proposition that "where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant." *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at ¶ 23.

{¶ 11} As a result, we held in *State v. Jordan* that "[w]hen a trial court fails to notify an offender about postrelease control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing." Id. at paragraph two of the syllabus.

{¶ 12} Our decision in *State v. Jordan* controls in this case. The relevant portions of the version of the statute at issue here, former R.C. 2929.19, 2003 Sub.S.B. No. 5, Section 1, were unchanged since *Jordan*. Here, Bezak was not informed about the imposition of postrelease control at his sentencing hearing. As a result, the sentence imposed by the trial court is void. "The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment." (Citations omitted.) *Romito v. Maxwell* (1967), 10 Ohio St.2d 266, 267–268, 39 O.O.2d 414, 227 N.E.2d 223.

{¶ 13} The court of appeals remanded the matter to the trial court, stating that Bezak's case "must be remanded for resentencing *so that appellant may be advised that he is subject to post-release control.*" (Emphasis added.) However, in such a resentencing hearing, the trial court may not merely inform the offender of the imposition of postrelease control and automatically reimpose the original sentence. Rather, the effect of vacating the trial court's original sentence is to place the parties in the same place as if there had been no sentence. See *Romito v. Maxwell*, 10 Ohio St.2d at 267, 39 O.O.2d 414, 227 N.E.2d 223. Therefore, the decision to vacate Bezak's void sentence would require the trial court to resentence Bezak *as if there had been no sentence.*

{¶ 14} The state argues that our decision in *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, requires us to hold that an offender's sentencing hearing upon remand must be limited to only the issue found to be in error; here,

the failure of the trial court to inform him of his postrelease control. The state urges us to affirm the decision of the court of appeals, which would permit a sentencing hearing on remand to include only a statement informing an offender that he is subject to postrelease control. In *Saxon,* we held that "[a]n appellate court may modify, remand, or vacate only a sentence for an offense that is appealed by the defendant and may not modify, remand, or vacate the entire multiple-offense sentence based upon an appealed error in the sentence for a single offense." Id. at paragraph three of the syllabus.

{¶ 15} *State v. Saxon* is distinguishable from this case. In *Saxon,* we determined the proper treatment of an appellant's multiple-offense sentence when the appellant assigns error to one or more of those offenses, but not the entire multiple-offense sentence. Unlike Saxon, who pleaded guilty to multiple offenses, Bezak was convicted of only one offense. Therefore, Bezak's entire sentence was vacated upon the court of appeals' decision to sustain his one assignment of error.

{¶ 16} We hold that when a trial court fails to notify an offender that he may be subject to postrelease control at a sentencing hearing, as required by former R.C. 2929.19(B)(3), the sentence is void; the sentence must be vacated and the matter remanded to the trial court for resentencing. The trial court must resentence the offender as if there had been no original sentence. When a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense.

{¶ 17} The decision of the court of appeals vacated Bezak's sentence but remanded the matter with this instruction: "the case must be remanded for resentencing so that appellant may be advised that he is subject to post-release control." The judgment of the court of appeals vacating the sentence is affirmed and the remand instruction is modified to inform the trial court that a new sentencing hearing is required in cases where postrelease control is not properly included in a sentence for a particular offense. In such cases, the trial court must impose a new sentence on the defendant.

{¶ 18} However, in this case, Bezak has already served the prison term ordered by the trial court, and therefore he cannot be subject to resentencing in order to correct the trial court's failure to impose postrelease control at Bezak's original sentencing hearing. In order that its record may be complete, the trial court is instructed to note on the record of Bezak's sentence that because he has completed his sentence, Bezak will not be subject to resentencing pursuant to our decision.

Judgment affirmed as modified
and remanded with instructions.

PFEIFER, O'DONNELL and CUPP, JJ., concur.

LUNDBERG STRATTON, O'CONNOR and LANZINGER, JJ., dissent.

---

**O'CONNOR, J., dissenting.**

{¶ 19} Initially, I agree with the majority's conclusion that because Bezak has already served the prison term relevant to this appeal, he cannot be subject to resentencing to correct the failure regarding the imposition of postrelease control. However, the issue of this case on the scope of the resentencing has been fully briefed and argued and is applicable to all situations involving a flawed imposition of postrelease control, including those in which a defendant will not have fully served a prison term by the time of an appellate court's consideration, so it is appropriate for this court to resolve that issue on the merits.

{¶ 20} I disagree with the majority's holding that an offender whose sentence is valid in all respects except for an improper imposition of or failure to impose postrelease control at the original sentencing hearing "is entitled to a new sentencing hearing" to correct the flawed imposition of postrelease control. In my opinion, a full new sentencing hearing is not required. The trial court upon resentencing can rectify the error of this case by simply informing the offender of the postrelease control in open court and summarily reimposing the original sentence. ·

{¶ 21} The majority correctly observes that this case is not on point with *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, because the sentence imposed in *Saxon* was for multiple offenses and this case involves only a single offense. However, simply because *Saxon* is factually distinguishable does not make its reasoning irrelevant. Just as *Saxon* held that a complete resentencing is not required when a defendant on appeal prevails on a challenge only as to one offense in a multiple-offense case, a complete de novo resentencing is not required when a defendant prevails only as to the postrelease-control aspect of a particular sentence.

{¶ 22} In this situation, the postrelease-control component of the sentence is fully capable of being separated from the rest of the sentence as an independent component, and the limited resentencing must cover only the postrelease control. It is only the postrelease-control aspect of the sentence that is void and that must be rectified. The remainder of the sentence, which the defendant did not successfully challenge, remains valid under principles of res judicata. See *Saxon*, at ¶ 17–19.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

LANZINGER, J., dissenting.

{¶ 23} I disagree with the majority's determination that Bezak should be subject to resentencing. In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, we severed certain subsections of Ohio felony sentencing statutes to comply with *Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, and *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, on which the majority seems to rely in part, is no longer vital, since it relied on unconstitutional statutes. See *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 26, fn. 7.

{¶ 24} Although as a result of *Foster*, trial judges are freed from making certain findings that earlier they had been required to make, other statutes remain unaffected by the severance remedy. The mandatory notification provisions within R.C. 2929.19, for example, provide that at the sentencing hearing the court must notify the offender of mandatory postrelease control (R.C. 2929.19(B)(3)(c)) or discretionary postrelease control (R.C. 2929.19(B)(3)(d)) and the consequences of a violation of postrelease control (R.C. 2929.19(B)(3)(e)).

{¶ 25} We have held that notification must be placed in a journal entry as well as given to the defendant at the sentencing hearing. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864. This case asks what happens when the mandatory notification was not given but the offender has already served the stated prison term.

{¶ 26} The General Assembly has recently enacted a statute, Am.Sub.H.B. No. 137, effective July 11, 2006, that answers the question of what a trial court must do to correct an inadequate notification. According to the statute, a trial court's failure to include postrelease control in a prison sentence is to be remedied while the offender is still in prison. R.C. 2929.191(A) provides: "(1) If, prior to the effective date of this section, a court imposed a sentence including a prison term of a type described in division (B)(3)(c) of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(1) of section 2929.14 of the Revised Code, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison." The next paragraph of this subsection contains a corresponding provision regarding the notification of discretionary postrelease

control required by R.C. 2929.19(B)(3)(d), and a similar remedy for failure to notify an offender of the consequences of a violation of postrelease control is discussed in R.C. 2929.191(B)(1). Before making a correction under this statute, a court must conduct a hearing pursuant to R.C. 2929.191(C).

{¶ 27} R.C. 2929.191(A)(2) discusses the method and effect of a correction. "If a court prepares and issues a correction to a judgment of conviction as described in division (A)(1) of this section *before the offender is released from imprisonment under the prison term the court imposed prior to the effective date of this section,* the court shall place upon the journal of the court an entry nunc pro tunc to record the correction to the judgment of conviction and shall provide a copy of the entry to the offender or, if the offender is not physically present at the hearing, shall send a copy of the entry to the department of rehabilitation and correction for delivery to the offender. If the court sends a copy of the entry to the department, the department promptly shall deliver a copy of the entry to the offender. The court's placement upon the journal of the entry nunc pro tunc *before the offender is released from imprisonment* under the term shall be considered, and shall have the same effect, as if the court at the time of original sentencing had included the statement in the sentence and the judgment of conviction entered on the journal and had notified the offender that the offender will be so supervised regarding a sentence including a prison term of a type described in division (B)(3)(c) of section 2929.19 of the Revised Code or that the offender may be so supervised regarding a sentence including a prison term of a type described in division (B)(3)(d) of that section." (Emphasis added.)

{¶ 28} In other words, the General Assembly has enacted a procedure whereby postrelease control may be properly authorized and given effect, even though initial notification was inadequate, if the offender has not been released from prison. But Bezak has already served his stated prison term.

{¶ 29} In Bezak's case, the issue of postrelease control was at least mentioned by the trial court: "You'll be out in the not too distant future, at that point you won't have a—*probably will not be on post-release control given that it's a six-month sentence, but I can't guarantee that.*" Counsel had the opportunity to explore the meaning of postrelease control with the court on behalf of his client, but apparently nothing further was said, although postrelease control was stated to be part of the sentence in the judgment entry.

{¶ 30} The majority relies on *State v. Beasley* (1984), 14 Ohio St.3d 74, 14 OBR 511, 471 N.E.2d 774, which I believe to be distinguishable. *Beasley* involved the sentencing procedure in effect before Senate Bill 2,[1] and the trial court disregarded the mandatory minimum prison term of two to 15 years with an optional fine

---

1. Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136.

for felonious assault and instead imposed only a fine. *Beasley* held that "[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." Id. at 75, 14 OBR 511, 471 N.E.2d 774. The trial court in *Beasley* had exceeded its authority by disregarding the statute and imposing a void, that is, an unauthorized sentence. Bezak, however, has not challenged his stated prison term as being unauthorized by statute. He attacks only the notification provision.

{¶ 31} I am extremely troubled by the majority's application of the term "void" to Bezak's case. The majority states that an imperfect notification regarding postrelease control will void the sentence " 'as *though such proceedings had never occurred*; the judgment is a *mere nullity* and the parties are in the same position as if there had been no judgment' " (emphasis added), quoting *Romito v. Maxwell* (1967), 10 Ohio St.2d 266, 267–268, 39 O.O.2d 414, 227 N.E.2d 223. I believe this holding undermines the principles of res judicata that we discussed in *State v. Saxon,* 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824.

{¶ 32} The sentencing court did not properly notify Bezak of the possibility that he would be subject to postrelease control upon his release from prison. Although the General Assembly has now provided a procedure by which this type of error must be corrected, the correction is to be made while the offender is still in prison. I do not agree that Bezak's prison term, which he has already served, is a nullity. I would strictly construe the provisions of R.C. 2929.191 concerning the correction of notifications and hold that an offender who is released after completing a stated prison term may not be subject to the correction of a notification error pursuant to R.C. 2929.191. I would reverse the decision of the court of appeals.

---

William D. Mason, Cuyahoga County Prosecuting Attorney, and T. Allen Regas, Assistant Prosecuting Attorney, for appellee.

Robert L. Tobik, Cuyahoga County Public Defender, John T. Martin and Cullen Sweeney, Assistant Public Defenders, and James Foley, Assistant State Public Defender, for appellant.