DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas. Appellant, Dewayne Guynes, asserts the following assignment of error: *Page 2 
 {¶ 2} "The trial court erred in issuing a nunc pro tunc sentencing entry regarding post release [sic] control when appellant had not originally been sentenced to post release [sic] control."
 {¶ 3} On December 5, 2003, the Lucas County Grand Jury indicted appellant on two counts of robbery, in violation of R.C. 2911.02(A)(3), and felonies of the third degree. Initially, appellant pled "not guilty" to the charges. However, at a change of plea hearing held on February 13, 2004, appellant changed his plea to "no contest" to one count of robbery During the change of plea hearing, the common pleas court explained, inter alia, that appellant could be sentenced to three years of postrelease control if he was found guilty. This fact was also included in the change of plea form. At the close of the hearing, the court accepted appellant's plea, found that appellant was guilty of violating R.C. 2911.02(A)(3), and referred the matter to the Lucas County Adult Probation Department for a presentence investigation and report.
 {¶ 4} At appellant's sentencing hearing, the common pleas court ordered appellant to serve three years in prison. Appellant signed a "Notice Pursuant to R.C. 2929.19(B)" acknowledging that a term of postrelease control would be imposed "for an F3 during which the defendant caused or threatened to cause physical harm to a person." The court below did not, however, include the imposition of a term of postrelease control in its March 8, 2004 judgment entry on sentencing. On June 15, 2006, the trial judge entered a nunc pro tunc order stating that appellant was provided with postrelease control notice pursuant to R.C. 2929.19(B)(3). *Page 3 
 {¶ 5} Appellant appeals from the nunc pro tunc entry, asserting that the lower court did not comply with R.C. 2929.191. R.C. 2929.191 permits a court to enter a nunc pro tunc entry to correct a "void" judgment that fails to contain a statement that an offender who is subject to postrelease control was notified of the same. The court must, however, hold a hearing before issuing the nunc pro tunc entry. See R.C.2929.191(C). It is undisputed that the trial court in the case before us did not hold such a hearing and that, at this point, appellant has completed his three year sentence. Appellant therefore contends that the trial court lacks the authority to hold an R.C. 2929.191(C) hearing.
 {¶ 6} Citing this court's decision in State v. Bris tow, 6th Dist. No. L-06-1230, 2007-Ohio-1864, appellee, the state of Ohio, agrees that appellant's void sentence cannot be corrected, but for a different reason. Specifically, appellee points out that because appellant has been released from prison, this cause cannot be remanded for "new sentencing." We agree. Id. at ¶ 13. In addition, in Bristow, we also concluded that because the defendant had served his six month sentence at the time that the trial court attempted to correct the void sentence, "the trial court no longer had any authority to correct the initial judgment entry." Id. at ¶ 14.
 {¶ 7} In a recent Ohio Supreme Court case, the court held that when a trial court fails to properly notify a defendant that he may be subject to postrelease control as part of his sentence, "an offender is entitled to a new sentencing hearing for that particular offense." State v.Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, syllabus. In other words, the offender is entitled to an entire new sentencing hearing "as if there had been no *Page 4 
sentence." Id. at ¶ 13. In Bezak, the defendant had, as here, already served his sentence and was, therefore, not "subject to resententencing in order to correct the trial court's failure to impose postrelease control at [the defendant's] original sentencing hearing." Id. at ¶ 18.
 {¶ 8} Based upon the foregoing, we find that appellant is no longer subject to resentencing for the purpose of correcting the trial court's failure to notify appellant of postrelease control. Appellant's sole assignment of error is found well-taken.
 {¶ 9} The judgment of the Lucas County Court of Common Pleas is reversed. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski P.J., Thomas J. Osowik, J., Concur. *Page 1