JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Relator, Nathaniel Foster, is the defendant in State v.Foster, Cuyahoga County Court of Common Pleas Case No. CR-370295, which has been assigned to respondent judge. In 1999, the court of common pleas imposed a thirty-eight year sentence. Foster contends that his sentence is contrary to law because respondent did not inform him at sentencing regarding post-release control nor did the sentencing entry include a term of post-release control.
 {¶ 2} In Case No. CR-370295, Foster filed a "motion for correction of void sentence; order for resentencing requested" on February 6, 2008. He filed a supplement to that motion, citing State v. Bezak,114 Ohio St.3d 94, 2007 Ohio 3250, 868 N.E.2d 961, on April 28, 2008. The state filed a motion for resentencing on May 8, 2008. Foster filed a motion for establishment of a date certain for oral hearing and appointment of counsel on July 8, 2008.
 {¶ 3} Foster attached a copy of the state's motion for resentencing to his complaint in this action. In that motion, the state acknowledged that Foster's sentence did not provide him adequate notice of post-release control and was contrary to law. The state requested that the court of common pleas order Foster's return and resentencing.
 {¶ 4} Foster requests that this court issue a writ of mandamus compelling respondent to set a date for his resentencing and vacate his "void sentence." Complaint, Ad Damnum Clause. "[A]lthough mandamus may be used to compel a *Page 4 
court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused."State ex rel. Perotti v. McMonagle (Jan. 18, 2001), Cuyahoga App. No. 78816, at 2-3. Foster's request that this court compel respondent judge to schedule a resentencing hearing and to vacate Foster's sentence is clearly inappropriate. Nevertheless, to the extent that Foster is requesting that this court compel respondent to rule on his pending motions, relief in mandamus is appropriate.
 {¶ 5} Sup. R. 40(A)(3) requires that motions shall be ruled upon within 120 days from the date of filing. Foster's original "motion for correction of void sentence" was filed more than 120 days prior to the August 4, 2008 filing of this action. The related filings now have been pending more than 120 days.
 {¶ 6} Respondent has filed a motion to dismiss. Although respondent contends that Foster has not complied with the requirement that he support his complaint with an affidavit certifying his prior criminal appeals and civil actions as required by R.C. 2969.25, Foster did file the requisite affidavit.
 {¶ 7} In light of the fact that Foster filed this action more than 120 days after the filing of his original "motion for correction of void sentence," relief in mandamus is appropriate. Compare State ex rel.Martin v. Mannen, Cuyahoga App. No. 88101, 2006-Ohio-3832 (relief granted in procedendo to compel a trial court to rule on a petition for postconviction relief which had been pending for more than 120 days). *Page 5 
 {¶ 8} Accordingly, respondent's motion to dismiss is denied. In light of the fact that the parties fully argued the issues in this action, we enter judgment for relator. Respondent shall, within thirty days of the date of this entry, dispose of the motions which have been pending in Case No. CR-370295 for 120 days or more. Respondent to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
Writ granted.
 KENNETH A. ROCCO, P.J., and MARY EILEEN KILBANE, J., CONCUR *Page 1