OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Jerry Arnold, filed April 10, 2008. On June 25, 2001, Arnold was indicted on three counts of illegal use of a minor in a nudity-oriented material or performance, in violation of R.C. 2907.323(A)(3), felonies of the fifth degree, one count of pandering sexually oriented matter involving a minor, in violation *Page 2 
of R.C. 2907.322(A)(5), a felony of the fourth degree, one count of complicity in the commission of illegal use of a minor in nudity-oriented material, in violation of 2923.03 and 2907.323(A)(1), a felony of the second degree, and three counts of attempted unlawful sexual conduct with a minor, with specifications that the offender is 10 or more years older than the victim, in violation of R.C. 2923.02 and2907.04, felonies of the fourth degree. On July 2, 2001, Arnold pled not guilty.
 {¶ 2} Following a jury trial on January 2 — 4, 2002, Arnold was found guilty of three counts of illegal use of a minor in a nudity-oriented material or performance, one count of pandering sexually oriented matter involving a minor, and one count of complicity in the commission of illegal use of a minor in nudity-oriented material. Pursuant to Arnold's motion for a directed verdict of acquittal, the trial court dismissed three counts of attempted unlawful sexual conduct with a minor and the accompanying specifications. On January 9, 2002, Arnold was sentenced to 11 months on each count of illegal use of a minor in a nudity-oriented material or performance, 17 months for pandering sexually oriented matter involving a minor, and six years for complicity in the commission of illegal use of a minor in nudity-oriented material, all sentences to be served concurrently for a total term of six years. The trial court also designated Arnold a sexually oriented offender.
 {¶ 3} We affirmed Arnold's conviction and sentence on direct appeal on September 23, 2002. On January 29, 2008, Arnold filed a "Motion to Vacate Sentence and Release from Post-Release Control," arguing that his sentence should be vacated because the trial court did not advise him at sentencing that he was subject to post-release control. On March 17, 2008, the trial court issued an Entry that provided in total as follows: "Defendant's motion to vacate *Page 3 
sentence and release him from post release control is DENIED."
 {¶ 4} Arnold asserts one assignment of error as follows:
 {¶ 5} "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION BY DENYING THE PETITION TO VACATE THE SENTENCE."
 {¶ 6} A review of the transcript of the sentencing hearing reveals that Arnold was not advised that he was subject to post-release control, and Arnold argues that the post-release control provisions of his sentence must be vacated because the trial court failed to properly notify him regarding post-release control.
 {¶ 7} "The standard of review to be applied to the denial of a post-sentence motion to vacate a sentence is limited to whether the trial court abused its discretion. (Internal citation omitted). In order for a trial court to have abused its discretion, the court must demonstrate an unreasonable, arbitrary, or unconscionable attitude." (Internal citation omitted). State v. Jewell, (March 30, 2001), Darke App. No. CIV.A. 1532.
 {¶ 8} R.C. 2967.28 mandates that the trial court impose a five year term of post-release control for a felony sex offense, which is defined as a violation of a section in Chapter 2907 of the Revised Code that is a felony. R.C. 2929.19(B)(3) provides, "Subject to division (B)(4) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
 {¶ 9} "* * *
 {¶ 10} "(c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first or second degree * * * *Page 4 
 {¶ 11} "(e) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(3)(c) or (d) of this section, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender.
 {¶ 12} In State v. Simpkins (2008), 117 Ohio St.3d 420,884 N.E.2d 568, 2008-Ohio-1197, syllabus, the State moved to resentence a defendant one year before his eight year sentence was completed, because his sentencing entry did not state that the defendant was subject to post-release control, and the Supreme Court of Ohio determined, "In cases in which a defendant is convicted of, or pleads guilty to, an offense for which post-release control is required but not properly included in the sentence, the sentence is void, and the state is entitled to a new sentencing hearing to have post-release control imposed on the defendant unless the defendant has completed hissentence" (emphasis added). See State v. Bezak (2007),114 Ohio St.3d 94, 868 N.E.2d 961, 2007-Ohio-3250 (holding defendant's sentence void due to the trial court's failure to impose post-release control at the original sentencing and determining that defendant was not subject to resentencing since defendant completed his sentence). We further note that R.C. 2929.191(A)(1) allows an offender to be returned to court for resentencing to include proper post-release control notification only "at any time before the offender is released from imprisonment." Finally, while the State notes that Arnold received notice of post-release control before he was released from prison, the above authorities make clear that post-release control may not be imposed subsequent to the original sentencing absent a hearing at which the *Page 5 
defendant is resentenced.
 {¶ 13} Applying these authorities, the trial court abused its discretion in overruling Arnold's Motion to Vacate Sentence and Release from Post-Release Control. Arnold's sentence is void because he was not notified regarding post-release control at his original sentencing hearing or resentenced prior to his release from prison. The trial court committed error by not granting Arnold's motion to vacate his post-release control. Judgment reversed and matter remanded for sole purpose of setting aside post-release control supervision.
WOLFF, P.J. and FAIN, J., concur.
Copies mailed to:
Amy M. Smith
Jon Paul Rion
 Hon. Richard J. O'Neill *Page 1