OPINION *Page 2 
{¶ 1} Defendant-Appellant, Ivan O. Hunter, appeals the July 1, 2008 decision of the Stark County Court of Common Pleas to deny Appellant's motion for resentencing. Plaintiff-Appellee is the State of Ohio. The following procedural history gives rise to this appeal.[1]
 {¶ 2} On September 27, 2006, the trial court held a change of plea hearing where Appellant pleaded guilty to a charge of trafficking in cocaine in violation of R.C. 2925.03(A)(1)(C)(4)(b) and possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(b). Both are felonies of the fourth degree.
 {¶ 3} The trial court also conducted a sentencing hearing on September 27, 2006, where the trial court notified Appellant of post release control. The trial court stated, "[u]pon your release on these, they could put you on for these offenses on post release control for up to three years. If you violate the post release control, they could try to give you some additional prison time. They could be up to half your prison time again, or if you commit a new felony, you get sentenced on the new felony by whatever judge got the case, they could also go back and give you whatever time you had left on post release control or one year, whichever is more." (Transcript of Plea and Sentence, Sept. 27, 2006, p. 8-9). The trial court asked Appellant if he understood the trial court's notification of post release control and Appellant responded that he did. Id. Later in the hearing, the trial court repeated its statement that Appellant would be subject to post release control. Id. at p. 11. *Page 3 
 {¶ 4} The trial court sentenced Appellant to a prison term of seventeen months on the charge of trafficking in cocaine and a prison term of seventeen months on the charge of possession of cocaine. The sentences were to be served concurrently. (Change of Plea and Sentence Imposed Judgment Entry, Oct. 3, 2006). The trial court further ordered that Appellant was to serve an additional prison term of twelve months for a parole violation to be served consecutive to the above-mentioned sentences. Id. The sentencing entry went on to state that the trial court notified Appellant that post release control was optional in this case up to a maximum of three years, as well as stating the consequences for violating the conditions of post release control. Id.
 {¶ 5} Appellant did not file an appeal from his conviction and sentence. On October 18, 2006, Appellant filed a motion to withdraw his plea. The trial court denied the motion. On December 20, 2006 and November 14, 2007, Appellant filed motions for judicial release, both of which the trial court denied.
 {¶ 6} On June 30, 2008, Appellant filed a motion for resentencing. He argued his sentence was void because the trial court failed to properly inform him of post release control pursuant to State v. Bezak,114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. The trial court denied the motion on July 1, 2008. It is from this decision Appellant now appeals.
 {¶ 7} Appellant raises one Assignment of Error:
 {¶ 8} "Where [a] sentence is void as a matter of law because it does not contain a statutorily mandated term of `properly imposed' post-release control, a trial court abuses its discretion when denying a defendant's good faith motion for *Page 4 
resentencing pursuant to the provisions of: State v. Bezak,868 N.E.2d 961. see (sic): State v. Simpkins, 117 Ohio St.3d 420."
 {¶ 9} The Ohio Supreme Court has definitively held that a trial court "is duty-bound to notify [an] offender at sentencing about post-release control." State v. Jordan, 104 Ohio St.3d 21, 817 N.E.2d 864,2004-Ohio-6085, ¶ 22. The Court, construing R.C. 2929.19(B)(3),2967.28(B), and 2967.28(F)(3), held that a trial court "is required to notify the offender at the sentencing hearing about post-release control and is further required to incorporate that notice into its journal entry imposing sentence." Jordan, paragraph one of the syllabus; R.C. 2929.19(B)(3). The Supreme Court, with reference to its decision inComer, observed that notifying the offender is best achieved by "personally advising" him at the sentencing hearing. See Jordan at fn. 2; R.C. 2929.19(B)(3).
 {¶ 10} Accordingly, "when a trial court fails to notify an offender about post-release control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing." Id.
 {¶ 11} We find the record clearly demonstrates the trial court gave Appellant verbal notification about post release control at the sentencing hearing. (Transcript of Plea and Sentence, Sept. 27, 2006, p. 8-9). Further, Appellant acknowledged that he understood the trial court's notification of the terms of the post release control. Id. The trial court also incorporated that notice into its journal entry imposing sentence. (Change of Plea and Sentence Imposed Judgment Entry, Oct. 3, 2006). *Page 5 
 {¶ 12} Accordingly, we hold the trial court did not commit reversible error in denying Appellant's motion for resentencing. Appellant's sole Assignment of Error is overruled.
 {¶ 13} The judgment of the Stark County Court of Common Pleas is affirmed.
Delaney, J., Hoffman, P.J. and Edwards, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant.
[1] We find the underlying facts giving rise to Appellant's convictions are unnecessary for the disposition of this appeal. *Page 1