The STATE of Ohio, Appellee,

v.

HOBSON, Appellant.

[Cite as *State v. Hobson*, 187 Ohio App.3d 630, 2010-Ohio-2638.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23392.

Decided June 11, 2010.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Johnna M. Shia, Assistant Prosecuting Attorney, for appellee.

J. David Turner, for appellant.

GRADY, Judge.

{¶ 1} Defendant, Brent Hobson, appeals from his conviction and sentence for escape, R.C. 2921.34(A)(1), for violating a condition of his postrelease control.

{¶ 2} Defendant was convicted of a felony drug offense in 2002 and was sentenced to a term of imprisonment. Defendant served the term and was released in 2005. He was then placed on five years of postrelease control under the supervision of Chris Hickman of the Ohio Adult Parole Authority.

{¶ 3} Hickman met with defendant and explained the conditions of his postrelease control. One of those conditions was that defendant report to his supervising officer as he was directed. Defendant was also advised that he would remain on postrelease control until a court ordered its termination. Defendant acknowledged his understanding of those matters orally and by signing a written "Conditions of Supervision Contract."

{¶ 4} In 2007, defendant was charged by indictment with one count of escape, R.C. 2921.34(A)(1), for violating a condition of his postrelease control. Defendant entered a plea of no contest and was convicted. The court imposed a two-year prison term at a hearing held on June 30, 2008, but ordered execution of the sentence stayed upon defendant's posting an appeal bond.

{¶ 5} Defendant posted the appeal bond and was released on July 15, 2008. On July 18, 2008, at the request of Hickman, the court amended the appeal bond it had ordered by adding, as an additional condition, that defendant continue to comply with the conditions of his postrelease control.

{¶ 6} After his release, defendant tested positive for drugs. Thereafter, Hickman twice ordered defendant to appear at Hickman's office, on July 17 and on August 13, 2008, but defendant failed to appear both times. A warrant was issued for defendant's arrest. He was arrested when he appeared at Hickman's office on August 15, 2008.

{¶ 7} Defendant was again indicted on a charge of escape, R.C. 2921.34(A)(1), on October 6, 2008, for violating a condition of his postrelease control arising from his 2002 felony drug offense because of his two failures to appear as directed. Defendant was found guilty following a bench trial. He was sentenced to a two-year term of imprisonment, to be served consecutively to the two-year term for his prior 2007 escape offense that the court had imposed on June 30, 2008. Defendant filed a notice of appeal.

FIRST ASSIGNMENT OF ERROR

{¶ 8Œ "Failure of sentencing court to notify offender at sentencing hearing or any other court hearing that he abide by the additional conditions of post-release control as a condition of his appeal bond invalidates that condition as a matter of law and conviction must be reversed."

{¶ 9} In order for a defendant to be subject to a term of postrelease control after completion of a prison term, the court must so advise the defendant at the hearing in which the prison term is imposed. R.C. 2929.19(B)(5). The court does not satisfy that requirement by merely incorporating the postrelease-control advisement into the Crim.R. 32(C) judgment of conviction that the court files, setting forth the sentence of imprisonment imposed at the hearing. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864; *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961.

{¶ 10} Defendant argues that his second conviction for escape is invalid because the court failed, when it granted the appeal bond following his first conviction for escape, to advise him that he would be subject to postrelease control. Instead, the court added that condition through an amendment of the bail it had allowed, pursuant to Crim.R. 46(E). Such an amendment, defendant

argues, is no different from the form of judgment of conviction improperly employed for purposes of the advice requirement that R.C. 2929.19(B)(5) imposes that *Jordan* and *Bezak* rejected.

{¶ 11} Even were we to agree that the holdings in *Jordan* and *Bezak* likewise apply to a condition of an appeal bond allowed pursuant to Crim.R. 46, we would necessarily reject an application of those holdings on the facts before us.

{¶ 12} The second conviction and sentence of escape, from which this appeal was taken, was not based on a finding that defendant had violated the conditions of his appeal bond requiring continued compliance with defendant's conditions of postrelease control. Rather, the second conviction and sentence arise out of defendant's further violations of the condition that defendant report to his supervising officer as directed, which had been imposed following defendant's release from prison in 2005. The indictment of October 6, 2008, on which the second conviction for escape was entered, so reflects. Defendant does not contend that the condition was not imposed in 2002 or that the court failed to advise him when he was convicted and sentenced in 2002 that he would be subject to postrelease control.

{¶ 13} It is undisputed that defendant failed to report as directed on July 17 and August 13, 2008, and that the conditions of postrelease control imposed in 2005 then remained in effect. The evidence demonstrates that defendant violated that condition. The assignment of error is overruled. The judgment from which the appeal was taken will be affirmed.

Judgment affirmed.

FAIN and FROELICH, JJ., concur.