[Cite as *State v. Petty*, 2011-Ohio-2985.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :          JUDGES:
                                       :          Hon. Patricia A. Delaney, P.J.
    Plaintiff-Appellee             :          Hon. Sheila G. Farmer, J.
                                       :          Hon. John W. Wise, J.
-vs-                                   :
                                       :
BRODERICK PETTY                        :          Case No. 10CA9
                                       :
    Defendant-Appellant            :          O P I N I O N


CHARACTER OF PROCEEDING:              Appeal from the Court of Common Pleas,
                                      Case No. 05CR331D


JUDGMENT:                             Affirmed


DATE OF JUDGMENT ENTRY:              June 15, 2011


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

DANIEL J. BENOIT                      RANDALL E. FRY
38 South Park Street                  10 West Newlon Place
Second Floor                          Mansfield, OH  44902
Mansfield, OH  44902

*Farmer, J.*

{¶1}  On December 15, 2009, the trial court resentenced appellant, Broderick Petty, pursuant to a remand citing *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250. See, *State v. Petty* (2009), 121 Ohio St.3d 607.  The trial court sentenced appellant to the same aggregate original sentence, and ordered that appellant would not serve any post-release control time.

{¶2}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶3}  "THE COURT ERRED TO THE DEFENDANT-APPELLANT'S PREJUDICE BY FAILING TO CONSIDER THE FACTORS OF ORC 2929.11 AND 2929.12 IN RE-SENTENCING THE DEFENDANT."

II

{¶4}  "THE TRIAL COURT WAS DEPRIVED OF JURISDICTION TO SENTENCE THE DEFENDANT-APPELLANT AS THERE WAS AN UNJUSTIFIED AND SUBSTANTIAL DELAY BETWEEN THE FINDING OF GUILT AND THE SENTENCING."

III

{¶5}  "THE TRIAL COURT ERRED WHEN IN THE RE-SENTENCING ENTRY OF JUNE 29, 2009, IT RE-SENTENCED THE DEFENDANT-APPELLANT TO ONE YEAR OF PRISON FOR COUNT I OF POSSESSION OF CRACK COCAINE."

### I, II, III

{¶6}  Appellant claims the trial court erred in failing to consider certain statutory factors in resentencing him, there was an unjustified and substantial delay in sentencing him, and the trial court erred in resentencing him to a sentence he already served.  We disagree.

{¶7}  In this case, appellant was given a de novo hearing for resentencing under *Bezak,* supra.  In *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, syllabus, the Supreme Court of Ohio limited the nature of the de novo hearing as follows:

{¶8}  "1. A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack.

{¶9}  "2. The new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of postrelease control.  (*State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus, modified.)

{¶10}  "3. Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.

{¶11}  "4. The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing."

{¶12}  As stated by the *Fischer* court in paragraph two of the syllabus, the new sentencing hearing "is limited to proper imposition of postrelease control."  Upon review, we find the trial court sub judice did not impose any post-release control time and

properly notified appellant of such.  June 29, 2009 T. at 9; 2nd Amended Sentencing Entry filed December 15, 2009.  The one year sentence on the possession count was merely re-imposed, regardless of whether appellant already served the time.

{¶13} As for the delay in filing the sentencing entry, the new sentence was exactly the same as the original, but for the lack of any post-release control time. Therefore, appellant has suffered no prejudice.

{¶14}  Assignments of Error I, II, and III are denied.

{¶15}  The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Wise, J. concur.

_s/ Sheila G. Farmer_____

_s/ Patricia A. Delaney_____

_s/ John W. Wise_____

JUDGES

SGF/sg 601

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT


STATE OF OHIO                           :
                                        :
    Plaintiff-Appellee              :
                                        :
-vs-                                    :          JUDGMENT ENTRY
                                        :
BRODERICK PETTY                         :
                                        :
    Defendant-Appellant             :          CASE NO. 10CA9


       For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. Costs to appellant.



                           s/ Sheila G. Farmer_____


                          _s/ Patricia A. Delaney_____


                          _s/ John W. Wise_____

                                JUDGES