[Cite as *State v. Mathis*, 2011-Ohio-3667.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25576 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KEA F. MATHIS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 97 12 2826 |

DECISION AND JOURNAL ENTRY

Dated: July 27, 2011

DICKINSON, Judge.

## INTRODUCTION

{¶1} A jury convicted Kea Mathis of attempted murder and two counts of felonious assault. In March 1998, the trial court sentenced her to thirteen years in prison, and she appealed to this Court. This Court affirmed. In August 2010, the trial court resentenced Ms. Mathis in order to properly impose a mandatory five-year term of post-release control. Ms. Mathis has again appealed.

## VOID SENTENCES AND RES JUDICATA

{¶2} By her first assignment of error, Ms. Mathis has argued that this appeal should be regarded as her first direct appeal because her original sentence was void. In *State v. Bezak*, 114 Ohio St. 3d 94, 2007-Ohio-3250, the Ohio Supreme Court held that a trial court's mistake in imposing post-release control renders its entire judgment void. *Id*. at ¶16. More recently, however, in *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, the Court modified its

previous holdings and held that only the part of the sentence that was in error needs to be corrected. *Id*. at paragraph two of the syllabus. "The scope of an appeal from a resentencing hearing in which a mandatory term of post-release control is imposed is limited to issues arising at the resentencing hearing." *Id*. at ¶40. "[R]es judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Id.* Ms. Mathis's first assignment of error is overruled because she previously appealed from a valid judgment and, therefore, res judicata bars her from raising issues from her trial during this appeal.

{¶3} Ms. Mathis's second and third assignments of error are arguments regarding sufficiency of the evidence and the manifest weight of the evidence at her trial. Because they do not address issues that arose at her resentencing hearing, they are not properly before us. Both are barred by res judicata and, therefore, are overruled.

CONCLUSION

{¶4} Ms. Mathis's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
CONCUR

APPEARANCES:

RHONDA L. KOTNIK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.