# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100380**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL SNEED

DEFENDANT-APPELLANT

---

### JUDGMENT:
REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-97-353104

**BEFORE:** E.A. Gallagher, P.J., McCormack, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 3, 2014

[Cite as *State v. Sneed*, 2014-Ohio-1438.]

**ATTORNEY FOR APPELLANT**

Paul A. Mancino
Mancino Mancino & Mancino
75 Public Square Building, Suite 1016
Cleveland, OH   44113-2098

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Adam M. Chaloupka
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

EILEEN A. GALLAGHER, P.J.:

{¶1} Michael Sneed appeals the trial court's decision denying his motion to vacate a void judgment entry. Sneed argues the trial court imposed a lifetime license suspension in a manner that was contrary to law. As such, he was entitled to a vacation of that void term of sentence. Finding merit to the instant appeal, we reverse the decision of the trial court and remand for proceedings consistent with this opinion.

{¶2} On September 25, 1997, Sneed pleaded guilty to two counts of aggravated vehicular homicide, five counts of aggravated vehicular assault and one count of driving under the influence. The trial court sentenced him to a total prison term of 15 and one-half years in prison on October 24, 1997. Later that same day, the trial court issued a nunc pro tunc journal entry amending the earlier sentence by imposing a lifetime driver's license suspension on Sneed. The transcript of the sentencing proceeding reflects no record of the trial court imposing the license suspension on Sneed.

{¶3} After years of postconviction litigation, Sneed filed a "Motion to Vacate Void Entry" on August 9, 2013. In his motion, Sneed argued that the October 24, 1997 nunc pro tunc journal entry was void and should be vacated. Before the state responded, the trial court denied Sneed's motion and Sneed appealed. He was released from prison on October 15, 2013. Sneed raises the following assigned error:

Defendant was denied due process of law when the court in a nunc pro tunc

entry proceeded to increase defendant's sentence by permanently suspending his license.

{¶4} In its brief, the state concedes that the trial court was without authority to impose a lifetime license suspension upon Sneed through a nunc pro tunc entry. Because the record reflected no pronouncement of a license suspension or an order at the time of the sentence, we agree with both Sneed and the state and conclude that the court's use of a nunc pro tunc entry was improper.

{¶5} Further, because Sneed was released from prison on October 15, 2013, the trial court no longer has jurisdiction to impose the mandatory lifetime driver's license suspension. *See State v. Wurzelbacher*, 1st Dist. Hamilton No. C-130011, 2013-Ohio-4009.

{¶6} Accordingly, we determine that the trial court erred in denying Sneed's motion to vacate void judgment. We, therefore, reverse the decision of the trial court and remand the matter to the trial court with instructions to note on the record that because Sneed has completed his prison sentence, he will not be subject to the mandatory license suspension. *See State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254; *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga

County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, PRESIDING JUDGE

TIM McCORMACK, J., and
EILEEN T. GALLAGHER, J., CONCUR

[Cite as *State v. Sneed*, 2014-Ohio-1438.]