[Cite as *State v. Moore*, 2016-Ohio-5433.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                           Court of Appeals No. E-15-072

    Appellee                                        Trial Court No. 2000-CR-572

v.

William Henry "Tony" Moore            **DECISION AND JUDGMENT**

    Appellant                                       Decided:  August 19, 2016

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Mary Ann Barylski, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Eric M. Hedrick,
Assistant State Public Defender, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} We sua sponte place this appeal on the accelerated calendar pursuant to 6th

Dist.Loc.App.R. 12(A).  *See also* S.Ct.R.Rep.Op. 2; App.R. 11.1(E).

{¶ 2} On November 19, 2002, William Henry Moore pled guilty to several drug

offenses.  Moore was sentenced to 12 years incarceration on one felony of the first degree

for possession of crack-cocaine in violation of R.C. 2925.11, one felony of the third

degree for preparation of cocaine for sale in violation of R.C. 2925.07, and one felony of the fourth degree for trafficking in crack-cocaine in violation of R.C. 2925.03.

{¶ 3} The trial court failed to properly address Moore's postrelease control. The only mention of Moore's postrelease control sanction occurred during Moore's plea hearing. No mention of Moore's sanction was made in the sentencing judgment entry dated January 23, 2003.

{¶ 4} Moore completed his prison term on January 29, 2014. Upon being released from prison, Moore was supervised under postrelease control by the Adult Parole Authority (APA). On June 29, 2015, Moore moved the trial court for termination of his postrelease control. The motion was based on the original entry not properly providing notice of his postrelease sanction. The trial court denied appellant's motion on October 27, 2015.

{¶ 5} Moore now appeals setting forth the following assignment of error:

I. The trial court erred when it refused to vacate Mr. Moore's postrelease control because the court failed to provide notice of postrelease control at Mr. Moore's sentencing hearing and in his judgment entry.

{¶ 6} In response to this assignment of error, appellee concedes that the trial court did not properly impose or notify appellant of his postrelease control during sentencing. Based on this concession, and the fact that appellant has served his 12-year sentence, appellant's assignment of error must be found well-taken.

2.

**{¶ 7}** "[W]hen sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence." *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 27. "[U]nless a trial court includes postrelease control in its sentence, the Adult Parole Authority is without authority to impose it." *Id.* "[A] new sentencing hearing is required." *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 17. However, when a prison term is fully served, the convicted is not resentenced and postrelease control terminates. *Id.* at ¶ 18.

**{¶ 8}** Here, the trial court did not notify appellant of his postrelease control within its judgment entry or at his sentencing hearing. Moore completed his 12-year prison term on January 29, 2014. Therefore, the APA is without authority to impose postrelease control on Moore. His postrelease control must be terminated.

**{¶ 9}** The judgment of the Erie County Common Pleas Court is reversed and appellant is ordered to be discharged. The trial court is ordered to note on record that because Moore has completed his prison sentence, he will not be subject to resentencing. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

3.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                 

Thomas J. Osowik, J.            

James D. Jensen, P.J.           
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE