[Cite as *State v. Rembert*, 2018-Ohio-1928.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2017 CA 0078 |
| JOHN REMBERT | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
                              Pleas, Case No. 2003 CR 621


JUDGMENT:                     Affirmed


DATE OF JUDGMENT ENTRY:       May 14, 2018


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

GARY BISHOP                           DAVID M. WATSON
PROSECUTING ATTORNEY                  3 North Main Street
EMILY K. HALL                         Suite 702
ASSISTANT PROSECUTOR                  Mansfield, Ohio  44902
38 South Park Street
Mansfield, Ohio  44902

*Wise, John, P. J.*

{¶1}    Defendant-appellant John Rembert appeals the decision of the Richland County Court of Common Pleas imposing mandatory post-release control.

{¶2}    Plaintiff-appellee is the State of Ohio.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶3}    The relevant facts and procedural history are as follows:

{¶4}    On October 8, 2003, Appellant was indicted on five separate counts, all of which contained a firearm specification:  one count of aggravated robbery, a violation of R.C. §2911.01(A)(1), one count robbery, a violation of R.C. §2911.02(A), one count kidnapping, a violation of R.C. §2905.01(A)(2), one count abduction, a violation of R.C. §2905.02(A)(1), and one count of having a weapon under disability, a violation of R.C. §2923.13(B).   The indictment also contained a repeat violent offender specification, pursuant to R.C. §2941.149.

{¶5}    On July 8 and 9, 2004, the matter proceeded to a jury trial.

{¶6}    The jury returned a verdict of guilty on all counts and also found Appellant guilty of the firearm specification.  In addition, the trial court made a finding of guilty on the repeat violent offender specification.

{¶7}    By Sentencing Entry filed July 14, 2004, the trial court sentenced Appellant to nine (9) years of imprisonment on aggravated robbery, nine (9) years of imprisonment on kidnapping, three (3) years of imprisonment on having a weapon under disability, and an additional (3) three years of imprisonment for the firearm specification.  The count of robbery was merged into the aggravated robbery conviction.  The count of abduction was

merged into the kidnapping conviction. All counts were ordered to be served consecutively. In total, appellant was ordered to serve 24 years in prison.

{¶8} On April 29, 2017, Appellant filed a pro se motion to vacate his sentence, arguing the trial court failed to properly notify him regarding mandatory Post-Release Control. The original sentence stated that Appellant's sentence included "up to" five years of Post-Release Control, rather than stating it was a mandatory five years.

{¶9} On August 14, 2017, the trial court held a re-sentencing hearing for the purposes of notifying Appellant of five years mandatory Post-Release Control.

{¶10} Appellant now appeals, raising the following assignment of error:

ASSIGNMENT OF ERROR

{¶11} "I. THE TRIAL COURT ERRED BY IMPOSING MANDATORY POST-RELEASE CONTROL ON THAT PORTION OF APPELLANT'S SENTENCE WHICH HAD BEEN SERVED IN FULL AND RE-IMPOSING THE SAME SENTENCE."

I

{¶12} In his sole assignment of error, Appellant argues the trial court erred in imposing a mandatory five-year term of post-release control upon re-sentencing. We disagree.

{¶13} The Ohio Supreme Court has held if post-release control was not properly rendered, the offending portion of the sentence dealing with post-release control is subject to review and correction. *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238; *State v. Bezak,* 114 Ohio St.3d 94, 2007–Ohio–3250.

{¶14} At the original sentencing hearing, the trial court incorrectly advised Appellant he could be placed on post-release control for a period of up to five years.

However, the trial court subsequently resentenced Appellant in accord with *State v. Fischer,* "as it relates to post-release control." We find no error in the trial court conducting a limited resentencing hearing.

**{¶15}**  We further find Appellant's argument that the trial court cannot impose Post-Release Control on Counts 1 and 2 because he has served his sentence on those Counts not well-taken.

**{¶16}**  In *State v. Weber*, 5th Dist. Richland Nos. 12CA85, 12CA932013-Ohio-1700, this Court, citing *State v. Norman,* 2nd Dist. No. 24445, 2011–Ohio–5969, held that when a defendant is sentenced to consecutive prison terms, his prison term includes the full stated prison term.

**{¶17}**  "R.C. 2929.01(BB)(1) defines 'prison term' to include a stated prison term. R.C. 2929.01(FF) defines 'stated prison term' as, among other things, *the combination of all prison terms imposed by the sentencing court pursuant to R.C. 2929.14.* We have previously construed the definition of 'stated prison term,' albeit in conjunction with the R.C. 2929.20(B)(1) provision for judicial release, as expressly providing that a combination of prison terms, such as a series of consecutive sentences, be treated as one stated prison term, not as multiple terms. *State v. Anderson–Melton* (Nov. 9, 2001), Montgomery App. No. 18703. That same interpretation applies here and means that Defendant's stated prison term is twenty years, not multiple, separate prison terms consisting of eight years, five years, five years, and two years. Defendant will not complete serving his sentence in this case until he has served all twenty years." *State v. Norman, supra.*

**{¶18}** In the case *sub judice*, the trial court sentenced Appellee to 9 years in prison on Count I, 9 years in prison on Count II, merged into Count I, 9 years in prison on Count III and Count IV merged into Count III; and 3 years in prison on Count V, and 3 years on the firearm specification, to be served consecutively for an aggregate term of 24 years in prison. Accordingly, Appellee's "stated prison term" is 24 years in prison. Appellant has not yet served his full prison term.

**{¶19}** We further find that the mandatory period of post-release control applies to both Counts I and III as both are first-degree felonies subject to a mandatory 5 years of post-release control pursuant to R.C. §2967.28(B)(1).

**{¶20}** Accordingly, Appellant's sole assignment of error is overruled.

**{¶21}** For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

By: Wise, John, P. J.

Delaney, J., and

Wise, Earle, J., concur.

JWW/d 0508