[Cite as *State v. Turner*, 2011-Ohio-2785.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95438**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERT TURNER

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED; REMANDED FOR
CORRECTION OF JOURNAL ENTRY

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-391413

**BEFORE:** Cooney, J., Blackmon, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** June 9, 2011
**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 400
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Thorin O. Freeman
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


COLLEEN CONWAY COONEY, J.:

{¶ 1} Defendant-appellant, Robert Turner ("Turner"), appeals the trial court's resentencing him to properly impose postrelease control. Finding no merit to the appeal, we affirm.

{¶ 2} In 2000, Turner was convicted of one count of aggravated burglary and four counts of felonious assault. He was sentenced to a total of 11 years in prison. In 2001, Turner appealed his conviction and sentence, and this court affirmed. *State v. Turner*,

Cuyahoga App. No. 78520, 2002-Ohio-3766, appeal not allowed, 95 Ohio St.3d 1458, 2002-Ohio-2230, 767 N.E.2d 1177.

{¶ 3} In 2010, Turner filed a motion for a final judgment, arguing that the trial court failed to properly impose postrelease control during his original sentencing and, therefore, his sentence is void. The State filed a response in which it argued that although Turner should be resentenced to impose postrelease control, his sentence is not void. The trial court held a resentencing hearing on June 25, 2010, at which it properly imposed five years of postrelease control and advised Turner that a violation could be punished by up to one-half of his prison sentence.[1]

{¶ 4} Turner now appeals, raising one assignment of error.

{¶ 5} In his sole assignment of error, Turner argues that the trial court erred when it failed to conduct a "sentencing de novo." He contends that the court denied him his right of allocution when it imposed only postrelease control and not a prison term.

{¶ 6} In *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, paragraph one of the syllabus, the Ohio Supreme Court held that "[f]or criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of

---

[1] The journal entry, however, failed to include the notice of consequences for a violation of postrelease control. Pursuant to Crim.R. 36, we remand for a correction of the journal entry.

the Supreme Court of Ohio." See, also, *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568; *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961.

**{¶ 7}** Recently, however, the Ohio Supreme Court held in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, that "[t]he new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of postrelease control. (*State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus, modified.)" *Fischer*, paragraph two of the syllabus. The *Fischer* court explained:

**{¶ 8}** "that when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside. Neither the Constitution nor common sense commands anything more." Id. at ¶26. (Emphasis in original and internal citations omitted.)

**{¶ 9}** Therefore, the trial court did not err in resentencing Turner to postrelease control without reimposing the remainder of his entire sentence. Pursuant to *Fischer*, he was not entitled to a complete resentencing.[2] "[O]nly the offending portion of the sentence is subject to review and correction." Id. at ¶27. Turner was entitled to a new sentencing hearing limited to the proper imposition of postrelease control. The court achieved this goal.

---

[2]The *Fischer* court overruled the portion of the *Bezak* syllabus that required a complete resentencing hearing rather than a hearing restricted to the void portion of the sentence. Id. at ¶36.

{¶ 10} Accordingly, Turner's sole assignment of error is overruled.

Judgment affirmed. Case remanded for correction of the journal entry pursuant to App.R. 9(E) and Crim.R. 36 to include the consequences for a violation of postrelease control.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
COLLEEN CONWAY COONEY, JUDGE

PATRICIA ANN BLACKMON, P.J., and
LARRY A. JONES, J., CONCUR