OPINION
{¶ 1} The defendant-appellant, Jessie L. Byers ("Byers"), appeals from the judgment of the Hardin County Common Pleas Court classifying him as a sexual predator.
 {¶ 2} On December 15-16, 2004, the Hardin County Grand Jury indicted Byers on the following: two counts of rape, violations of R.C.2907.02(A)(1)(b), felonies of the first degree, and both with a specification that the victim was under the age of 10; kidnapping, a violation of R.C. 2905.01(A)(4), a felony of the first degree; and intimidation of an attorney, victim, or witness in a criminal case, a violation of R.C. 2921.04(B), a felony of the third degree. At the time of the offenses, Byers was separated from his wife and residing in his friends' home, located in Kenton, Ohio. Byers' friends were the parents of an eight year old boy ("victim") who also resided in the home. Sometime during June 2004, Byers took the victim to an upstairs bedroom, locked the door, covered the victim's mouth with his hand, and anally raped him. Byers then performed oral sex on the victim. When finished, Byers threatened to kill either the victim or his parents if the victim told anybody about the rape. Apparently, the victim was later hospitalized for burns, and at that time, he disclosed the rape. Byers also contacted an inmate at the Multi-County Correctional Center and offered the inmate $500.00 if he would take the victim out of Ohio until after Byers' trial. Byers' wife was also involved in this scheme.
 {¶ 3} On March 1, 2005, the trial court held a change of plea hearing. Byers pled guilty to the first count of the indictment, which charged him with anally raping the victim, and the State of Ohio ("State") dismissed the remaining charges. The trial court ordered a pre-sentence investigation and a psychological evaluation and social history. On May 18, 2005, the trial court held a joint sentencing and sexual classification hearing. The trial court sentenced Byers to life in prison and classified him as a sexual predator. Byers appeals from the trial court's sexual predator classification and asserts the following assignment of error:
The trial court abused its discretion and erred as a matter oflaw when it found the appellant to be a sexual predator.
 {¶ 4} A "sexual predator" is defined as a person who has "pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses". R.C. 2950.01(E)(1). A violation of R.C. 2907.02, which Byers pled guilty to, is included within the definition of "a sexually oriented offense". R.C.2950.01(D)(1)(a). If the offense does not qualify the offender for automatic sexual predator status under R.C. 2950.09(A), the trial court must hold a hearing prior to sentencing to determine if the offender is a sexual predator. See R.C. 2950.09(B)(1); (2). During the hearing, the trial court "shall consider all relevant factors, including but not limited to the following:
(a) The offender's . . . age;
 (b)The offender's . . . prior criminal or delinquency record regardingall offenses, including but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense forwhich sentence is to be imposed . . .;
 (d) Whether the sexually oriented offense for which sentence is to beimposed . . . involved multiple victims;
 (e) Whether the offender . . . used drugs or alcohol to impair thevictim of the sexually oriented offense or to prevent the victim fromresisting;
 (f) If the offender . . . previously has been convicted of or pleadedguilty to . . . a criminal offense, whether the offender . . . completedany sentence . . . imposed for the prior offense or act and, if the prioroffense or act was a sexual offense or a sexually oriented offense,whether the offender . . . participated in available programs for sexualoffenders;
 (g) Any mental illness or mental disability of the offender . . .;
 (h) The nature of the offender's . . . sexual conduct, sexual contact,or interaction in a sexual context with the victim of the sexuallyoriented offense and whether the sexual conduct, sexual contact, orinteraction in a sexual context was part of a demonstrated pattern ofabuse;
 (i) Whether the offender . . ., during the commission of the sexuallyoriented offense for which sentence is to be imposed . . . displayedcruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to theoffender's . . . conduct.
R.C. 2950.09(B)(3)(a)-(j) (emphasis added). We have previously noted that "[r]igid rules . . . have no place in [a sexual predator classification, and] courts should apply the enumerated factors and consider the relevance, application, and persuasiveness of individual circumstances on a case-by-case basis." State v. Robertson,147 Ohio App. 3d 94, 2002-Ohio-494, 768 N.E.2d 1207, at ¶ 20 (citations omitted).
 {¶ 5} In examining the evidence and the statutory factors, the trial court must determine by clear and convincing evidence whether the offender is a sexual predator. R.C. 2950.09(B)(4). Clear and convincing evidence has been defined as
"[T]hat measure or degree of proof which is more than a mere`preponderance of the evidence,' but not to the extent of such certaintyas is required `beyond a reasonable doubt' in criminal cases, and whichwill produce in the mind of the trier of facts a firm belief orconviction as to the facts sought to be established."
 Robertson, supra at ¶ 22 (quoting State v. Schiebel (1990),55 Ohio St. 3d 71, 74, 564 N.E.2d 54 (citations omitted)). When reviewing a trial court's decision made under the clear and convincing standard of proof, "an appellate court must examine the record to determine whether the evidence satisfies" the standard. Robertson, supra at ¶ 23 (citation omitted).
 {¶ 6} Byers contends the trial court abused its discretion in classifying him as a sexual predator. An abuse of discretion "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams
(1980), 62 Ohio St. 2d 151, 157, 404 N.E.2d 144. Our review of the record indicates there is clear and convincing evidence to support a sexual predator classification, and the trial court did not abuse its discretion.
 {¶ 7} The trial court considered the following factors: Byers was 21 years old at the time of the offense; the victim was only eight years old; there was one victim; Byers did not use drugs or alcohol to impair the victim; Byers' long juvenile and adult criminal histories; Byers' lower than average IQ, but lack of mental disabilities; and the "atrocious" sexual conduct of the offense itself. Hearing Tr., Aug. 12, 2005, 36-39. The trial court also considered Byers' threat to kill either the victim or his parents as a threat of cruelty, which "gets us back to the force and the use of force." Id. at 38. Finally, the trial court noted that Byers would not be amenable to sex offender treatment because he denied any wrong doing during his psychological evaluation and social history. Id. at 39.
 {¶ 8} In discussing Byers' lengthy criminal record, the trial court engaged in the following dialogue with Byers:
Judge: . . . We fought a lot of battles didn't we Mr. Byers. Iwanted you to do certain things and you didn't want to do them.
 Defendant: Yes sir.
 Judge: We're still at that point aren't we Mr. Byers.
 Defendant: Yes sir.
 Judge: Your view of the world and your idea of how to accomplish thingsare different than the rest of us.
 Defendant: Yes sir.
Id. at 37:1-9. The trial court went on to note:
"you are at a high risk to reoffend. There is no other way to look atyou. That's all you've done since you've been a juvenile. You've offendedand reoffended. . . . The Court would have to agree with Ms. Santo thatuh your whole life has been a behavioral characteristic that has led youto this place in life. That for whatever reason, whatever factor Mr.Byers, you are a menace to society right now. There is no other way todescribe you. You don't deserve to walk on the streets with other normalpeople. . . . the Court believes that it does have clear and convincingevidence before it to label you as a sexual predator."
Id. at 38-39.
 {¶ 9} At the beginning of the hearing, five joint exhibits were entered into evidence. Those exhibits relevant to sentencing and sexual predator classification were the psychological evaluation, the social history, and the pre-sentence investigation. Based on this record, we cannot find that the trial court's sexual predator classification was not supported by clear and convincing evidence. The trial court did not abuse its discretion in so finding.
 {¶ 10} The trial court also complied with R.C. 2950.09(B)(4). The statute requires the trial court to "specify in the offender's sentence and the judgment of conviction that contains the sentence . . . that the court has determined that the offender . . . is a sexual predator and . . . specify that the determination was pursuant to division (B) of this section." R.C. 2950.09(B)(4); see also State v. Cathcart, 3rd Dist. No. 17-02-20, 2002-Ohio-6593, at ¶ 30. In this case, the trial court stated its findings in compliance with R.C. 2950.09(B)(3)(a)-(j) on the record and in its judgment entry. See Hearing Tr., at 36-39; J. Entry, Jun. 9, 2005, 3-4. Accordingly, the appellant's assignment of error is overruled.
 {¶ 11} The judgment of the Hardin County Common Pleas Court classifying Byers as a sexual predator is affirmed.
Judgment affirmed.
 Cupp, J., and Rogers, J., concur.