[Cite as *State v. Byers*, 2011-Ohio-2845.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                    CASE NO. 6-10-14

    v.

JESSIE L. BYERS,                         O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No. 20042150 CRI

Judgment Reversed and Cause Remanded

Date of Decision: June 13, 2011

APPEARANCES:

    *Todd A. Workman* for Appellant

    *Bradford W. Bailey* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Jessie L. Byers (hereinafter "Byers"), appeals the Hardin County Court of Common Pleas' judgment entry of sentence reclassifying him as a Tier III sexual offender under the Adam Walsh Act following a post-release control resentencing hearing. We reverse.

{¶2} On December 15-16, 2004, the Hardin County Grand Jury indicted Byers on counts one and two of rape, violations of R.C. 2907.02(A)(1)(b), first degree felonies, and both with a specification that the victim was under the age of 10; count three of kidnapping, a violation of R.C. 2905.01(A)(4), a first degree felony; and count four of intimidation of an attorney, victim, or witness in a criminal case, a violation of R.C. 2921.04(B), a third degree felony. (Doc. No. 1).

{¶3} On January 10, 2005, Byers was arraigned and entered pleas of not guilty to all counts of the indictment. (Doc. No. 9).

{¶4} On March 1, 2005, the trial court held a change of plea hearing. (Doc. No. 29). Byers pled guilty to count one, and the State dismissed the remaining charges. (Id.). The trial court found Byers guilty based upon his plea and ordered a pre-sentence investigation, a psychological evaluation, and social history. (Doc. No. 31); (Mar. 1, 2005 Tr. at 18); (Mar. 15, 2005 JE, Doc. No. 34).

{¶5} On May 18, 2005, the trial court held a joint sentencing and sexual classification hearing. The trial court sentenced Byers to life in prison and

-2-

classified him as a sexual predator under former R.C. 2950.01(E)(1), also known as Megan's Law. (May 18, 2005 Tr. at 33-34, 39); (June 9, 2005 JE, Doc. No. 38).

{¶6} On July 6, 2005, Byers appealed the trial court's sexual predator classification, but we affirmed on November 21, 2005. (Doc. Nos. 43, 51); *State v. Byers*, 3d Dist. No. 6-05-07, 2005-Ohio-6169.

{¶7} On August 12, 2010, the State filed a motion for re-sentencing pursuant to *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110 and R.C. 2929.191 for the trial court to properly impose the mandatory five-year term of post-release control upon Byers. (Doc. No. 52).

{¶8} On October 12, 2010, the trial court held a resentencing hearing, and the trial court resentenced Byers to the same mandatory term of life imprisonment as it had previously imposed. (Oct. 12, 2010 Tr. at 7); (Oct. 20, 2010 JE, Doc. No. 62). The trial court also advised Byers that he was subject to five years of mandatory post-release control and the consequences of violating post-release control. (Id. at 7-8); (Id.). The trial court then reclassified Byers as a Tier III sexual offender under the current version of R.C. 2950.01, also known as the Adam Walsh Act. (Id. at 8); (Id.).

{¶9} On November 5, 2010, Byers filed a notice of appeal. (Doc. No. 63). Byers now appeals raising one assignment of error for our review.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED WHEN IT RECLASSIFIED APPELLANT AS A TIER THREE SEX OFFENDER UNDER THE ADAM WALSH ACT WHEN APPELLANT WAS ORIGINALLY SENTENCED IN MARCH 2005 UNDER MEGAN'S LAW AS A SEXUAL PREDATOR AND SUCH RECLASSIFICATION IS UNCONSTITUTIONAL AS DETERMINED BY THE OHIO SUPREME COURT IN STATE V. BODYKE (2010), 128 OHIO ST.3D 366.**

{¶10} In his sole assignment of error, Byers argues that the trial court erred by reclassifying him as a Tier III sexual offender under the Adam Walsh Act in light of the Ohio Supreme Court's holding in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753. Byers further argues that his 2005 sexual offender classification was final, and that the trial court was only permitted to correct the post-release control portion of his sentence under *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332.

{¶11} The Ohio Supreme Court in *State v. Bodyke* held that R.C. 2950.031 and 2950.032, which required the attorney general to reclassify sex offenders who had already been classified by court order under former law, violated the separation-of-powers doctrine by impermissibly instructing the executive branch to review past decisions of the judicial branch and by requiring the opening of final judgments. 2010-Ohio-2424, at ¶¶60, 61, 67. The Ohio Supreme Court severed R.C. 2950.031 and 2950.032 from the Adam Walsh Act and concluded

that "R.C. 2950.031 and 2950.032 may not be applied to offenders previously adjudicated by judges under Megan's Law, and the classifications and community-notification and registration orders imposed previously by judges are reinstated." Id. at ¶66.

{¶12} This case is distinguishable from *Bodyke*, however, because Byers was not reclassified by the attorney general pursuant to R.C. 2950.031 or 2950.032—those sections declared unconstitutional and severed from Chapter 2950 in *State v. Bodyke*, 2010-Ohio-2424. Rather, Byers was notified by the trial court that he would be a Tier III sexual offender at a resentencing hearing held for the purpose of properly imposing a mandatory five-year term of post-release control as required by *McCormick*, 2010-Ohio-2671. Therefore, *Bodyke* is not controlling here as Byers argues.

{¶13} Since the trial court here failed to impose the mandatory term of post-release control as required under R.C. 2967.28(B)(1) and Byer's original sentencing was prior to the effective date of R.C. 2929.191, the trial court was required to conduct a "de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio" to properly impose post-release control. *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, paragraph one of the syllabus. At a de novo sentencing hearing, "the trial court may not merely inform the offender of the imposition of postrelease control and automatically

reimpose the original sentence. Rather, the effect of vacating the trial court's original sentence is to place the parties in the same place as if there had been no sentence. Therefore, the decision to vacate [the offender's] void sentence [] require[s] the trial court to resentence [the offender] *as if there had been no sentence*." *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶13 (emphasis in original). See, also, *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶22; *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶10. Thus, under Ohio Supreme Court precedent in effect at the time of Byers' resentencing hearing, the trial court was required to sentence Byers "as if there had been no sentence." *Bezak* at ¶13. This would include providing Byers notice of his Tier III sexual offender status under the Adam Walsh Act, which was in effect at the time of Byers' resentencing hearing. R.C. 2950.01(G)(1)(1) (Tier III sex offenders include offenders, like Byers, who pled guilty to a violation of R.C. 2907.02); R.C. 2929.19(B)(4)(a)(ii) (trial court required to give notice that offender is a Tier III sex offender).

{¶14} After the March 12, 2010 resentencing hearing and while Byers' appeal was pending, however, the Ohio Supreme Court released *State v. Fischer*, which changed the scope of the post-release control resentencing hearings for those defendants who were originally sentenced prior R.C. 2929.191's effective date. 2010-Ohio-6238. The Court in *Fischer* held, in pertinent part:

**\* \* \* that when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside. Neither the Constitution nor common sense commands anything more.**

**This principle is an important part of the analysis of void sentences that we have not focused upon in prior cases involving postrelease control, including *Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. Thus, we reaffirm the portion of the syllabus in *Bezak* that states "[w]hen a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void," *but with the added proviso that only the offending portion of the sentence is subject to review and correction.***

**However, we now modify the second sentence in the *Bezak* syllabus as ill-considered. That sentence states that the offender is entitled to a new sentencing hearing for the offense for which postrelease control was not imposed properly. 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. It does not recognize a principle that we overlooked in *Bezak:* when an appellate court concludes that a sentence imposed by a trial court is *in part* void, *only the portion that is void may be vacated or otherwise amended.***

***Therefore, we hold that the new sentencing hearing to which an offender is entitled under Bezak is limited to proper imposition of postrelease control.***

2010-Ohio-6238, at ¶¶26-29 (emphasis added).[1]  Although *Fischer* was not released prior to the resentencing hearing, this Court has an obligation to apply Ohio Supreme Court precedent released during the pendency of an appeal—an obligation the State concedes in its brief. (Appellee's Brief at 7); *State v. Lynn*

---

[1] This writer fails to fully comprehend the concept of a "partially void judgment" but has attempted to follow the law as currently created by the Ohio Supreme Court.

(1966), 5 Ohio St.2d 106, 108, 214 N.E.2d 226; *State v. Evans* (1972), 32 Ohio St.2d 185, 186, 291 N.E.2d 466; *State v. Gonzalez* (2000), 138 Ohio App.3d 853, 859, 742 N.E.2d 710.

{¶15} In light of *Fischer*, we must agree with Byers that there is error as a result of the resentencing hearing, which classified him as a Tier III sexual offender under the Adam Walsh Act, because a resentencing hearing is now limited to the proper imposition of post-release control. Therefore, Byers's 2005 classification as a sexual predator under Megan's Law turns out to be final and not subject to review. Several other districts have similarly concluded that a trial court may not reclassify sexual offenders under the Adam Walsh Act at a post-release control resentencing hearing. *State v. Gimbrone*, 2d Dist. No. 23810, 2011-Ohio-632; *State v. Gibson*, 2d Dist. No. 2009 CA 47, 2010-Ohio-3447; *State v. Hudson*, 2d Dist. No. 23776, 2010-Ohio-5386; *State v. Pearson*, 2d Dist. No. 23974, 2011-Ohio-245; *State v. Jenkins*, 2d Dist. No. 24117, 2011-Ohio-634; *State v. Possiant*, 5th Dist. No. 08 CA7, 2009-Ohio-4235; *State v. McArtor*, 5th Dist. No. 10 CA 13, 2010-Ohio-5803; *State v. Williams* (9th Dist.), 177 Ohio App.3d 865, 2008-Ohio-3586, 896 N.E.2d 725.

{¶16} For all these reasons, Byers' assignment of error is, therefore, sustained.

{¶17} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**ROGERS, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**