[Cite as *State v. Pryor*, 2011-Ohio-4383.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|     Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | Case No. 11-CA-12 |
| ANTHONY C. PRYOR | |
|     Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Fairfield County Common
Pleas Court, Case No. 02-CR-57

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    August 25, 2011

APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

GREGG MARX          DAVID A. SAMS
Prosecuting Attorney          P.O. Box 40
Fairfield County, Ohio          West Jefferson, Ohio 43162
239 W. Main, Ste. 101
Lancaster, Ohio 43130

*Hoffman, P.J.*

{¶1} Defendant-appellant Anthony C. Pryor appeals the February 2, 2011 Judgment Entry entered by the Fairfield County Court of Common Pleas resentencing him to include imposition of a five year mandatory term of post-release control. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE CASE[1]

{¶2} On February 15, 2002, the Fairfield County Grand Jury indicted Appellant on four counts of rape in violation of R.C. 2907.02; four counts of complicity to commit rape, in violation of 2907.02 and R.C. 2923.03; two counts of kidnapping, in violation of R.C. 2905.01; and one count of abduction, in violation of R.C. 2905.02. Said charges arose from various incidents involving Appellant's wife and her children, Appellant's stepchildren.

{¶3} A jury trial commenced on September 24, 2002. The jury found Appellant guilty of all counts except two of the four rape counts. By Judgment Entry filed October 31, 2002, the trial court sentenced Appellant to an aggregate term of three life sentences.

{¶4} On February 2, 2004, this Court remanded the matter to the trial court for resentencing on the issue of post-release control. *State v. Pryor*, Fairfield App. No. 02CA-91, 2004-Ohio-609.

{¶5} On February 2, 2011, the trial court conducted a sentencing hearing in order to impose a five year term of mandatory post-release control. Prior to the hearing, Appellant moved the court for a de novo sentencing hearing, which the trial court

---

[1] A rendition of the underlying facts is unnecessary for our disposition of this appeal.

denied.  Via Judgment Entry of the same date, the trial court resentenced Appellant to properly impose the mandatory five year term of post-release control.

{¶6}  Appellant now appeals, assigning as error:

{¶7}  "I. THE TRIAL COURT ERRED WHEN DENYING DEFENDANT-APPELLANT A DE NOVO RESENTENCING HEARING  IN VIOLATION OF THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS."

{¶8}  Upon review, we find the trial court properly overruled Appellant's motion for a de novo resentencing hearing and limited the hearing to the imposition of post-release control, pursuant to *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, and *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238.

{¶9}  In *Fischer,* the Ohio Supreme Court held,

{¶10}  "As the first dissenting opinion in *Bezak* observed, '[j]ust as *Saxon* held that a complete resentencing is not required when a defendant on appeal prevails on a challenge only as to one offense in a multiple-offense case, a complete de novo resentencing is not required when a defendant prevails only as to the postrelease-control aspect of a particular sentence. In this situation, the postrelease-control component of the sentence is fully capable of being separated from the rest of the sentence as an independent component, and the limited resentencing must cover only the postrelease control. It is only the postrelease-control aspect of the sentence that is void and that must be rectified. The remainder of the sentence, which the defendant did not successfully challenge, remains valid under the principles of res judicata. See *Saxon* [109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824], at ¶ 17–19.' *Bezak,* 114

Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, at ¶ 21–22 (O'Connor, J., dissenting, joined by Lundberg Stratton, J.). ***"

{¶11} Appellant's sole assignment of error is overruled.

{¶12} The February 2, 2011 Judgment Entry of the Fairfield County Court of Common Pleas resentencing Appellant in order to properly impose the mandatory term of post-release control is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ANTHONY C. PRYOR | : | |
| | : | |
| Defendant-Appellant | : | Case No. 11-CA-12 |

For the reason stated in our accompanying Opinion, the February 2, 2011 Judgment Entry entered by the Fairfield County Court of Common Pleas resentencing Appellant to properly impose the mandatory term of post-release control is affirmed. Costs to Appellant.

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer
HON. SHEILA G. FARMER


s/ Julie A. Edwards
HON. JULIE A. EDWARDS