NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0602n.06

Nos. 15-3286/15-3305

## UNITED STATES COURTS OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,       )
                                )
    Plaintiff-Appellee,         )
                                )
v.                              )
                                )
ISHMAEL WAHID; BRIAN SINGLETON, )
                                )
    Defendants-Appellants.      )
                                )
                                )

FILED
Nov 14, 2016
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

BEFORE:  BATCHELDER, MOORE, and McKEAGUE, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.**  A federal grand jury indicted Ishmael Wahid and Brian Singleton, along with other co-conspirators, on various drug charges.  It charged Wahid with conspiracy to possess with intent to distribute and to distribute heroin in violation of 21 U.S.C. §§ 846 and 84l(a)(1) and (b)(1)(B).  It charged Singleton with conspiracy to possess with intent to distribute and to distribute heroin, cocaine base (crack) and cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(l), (b)(l)(A), and (b)(1)(B), and possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(l) and (b)(l)(B).  It charged both with knowingly or intentionally using any communication facility in committing a felony in violation of 21 U.S.C. § 843(b).

Wahid and Singleton each entered into a written plea agreement, pleading guilty to conspiracy to possess with intent to distribute and distribution of heroin. In his plea agreement, Wahid retained the right to appeal the district court's denial of his motion to suppress and the court's determination of his Criminal History Category; he waived all other appeal rights. Singleton waived his rights to appeal, including the right to appeal his sentence. His waiver explicitly did not, however, waive his right to claim ineffective assistance of counsel.

Each appeals his conviction and sentence. For the following reasons, we affirm.

## I.

From May 2010 to June 2014, Wahid, Singleton, and others conspired to deal drugs and performed various overt acts in furtherance of that conspiracy. In late 2013, the government obtained an authorized wiretap on the phone of Mark Makupson, another member of the conspiracy. As a result of that wiretap, the government obtained Wahid's cell phone number and conversations between Makupson and Wahid, and Makupson and Singleton. Police officers identified and apprehended Wahid after they traced his location using his cell phone number. Wahid moved to suppress the evidence obtained as a result of their tracking his cell phone; the court held a hearing on the motion and denied it. Wahid then pleaded guilty. At sentencing, the district court determined that Wahid was a career offender and calculated his offense level at 30, and his Criminal History Category as VI. The court imposed a sentence of 120 months' imprisonment.

During the conspiracy, Singleton possessed loaded firearms, 37.11 grams of heroin, and 0.15 grams of cocaine powder. Singleton's PSR calculated his base level offense at 30, added a two-point enhancement for possession of a firearm, and a three-point reduction for acceptance of responsibility. And although his written plea agreement recommended against a two-point

enhancement for possession of a firearm, the court disagreed and included the two-level enhancement. The court found his total level offense to be 29 with a Criminal History Category of V, and imposed a sentence of 140 months' imprisonment.

**II.**

Wahid reserved in his plea agreement the right to appeal the court's denial of his motion to suppress. He argues that the government's use of the evidence obtained from his cell site data violated his Fourth Amendment rights because he had an expectation of privacy in his location.

> It is long-settled that Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted. As a result, a defendant seeking to suppress evidence must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable.

*United States v. Noble*, 762 F.3d 509, 526 (6th Cir. 2014) (internal quotations and citations omitted).

We have held that there is no "reasonable expectation of privacy in the data given off by [a] cell phone." *United States v. Skinner*, 690 F.3d 772, 777 (6th Cir. 2012); *see also United States v. Carpenter*, 819 F.3d 880, 886 (6th Cir. 2016) (holding that the government's collection of business records containing cell-site data was not a search under the Fourth Amendment). Several of our sister circuits agree. *See United States v. Graham*, 824 F.3d 421, 427-29 (4th Cir. 2016) (en banc); *United States v. Davis*, 785 F.3d 498, 513 (11th Cir. 2015) (en banc); *In re Application of U.S. for Historical Cell Site Data*, 724 F.3d 600, 615 (5th Cir. 2013). We do not have the authority to revisit the question of privacy in cell site data, *see United States v. Yoon*, 398 F.3d 802, 806 (6th Cir. 2005) ("The prior decision [of a Sixth Circuit panel] remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.") (internal

quotation marks and citation omitted), and in any event, the government in this case also obtained a warrant to collect and examine radio signals emitted by his phone. The government did not violate Wahid's Fourth Amendment rights by collecting or using that data.

**III.**

To designate Wahid a career offender, the district court relied on a 2003 conviction for possession of cocaine and having a weapon under disability, and a 1995 conviction for conspiracy to distribute and possess with intent to distribute cocaine. Wahid reserved the right to appeal the court's determination of his Criminal History Category, and now argues that his 2003 conviction was voided and should not have been included in the guidelines calculus pursuant to U.S.S.G. § 4A1.2. "This Court reviews a district court's factual findings concerning a defendant's criminal history category, which must be based on a preponderance of the evidence, under the clearly erroneous standard of review." *United States v. Adkins*, 729 F.3d 559, 569 (6th Cir. 2013) (internal quotation marks omitted).

Wahid's claim is meritless. The Ohio Revised Code requires the court to impose a period of post-release control at the sentencing hearing when sentencing a defendant. When the court fails to do so (or does so only in a journal entry without mentioning the fact at the sentencing hearing), and where the defendant had already served his sentence, the defendant is not entitled to resentencing. *State v. Bezak*, 868 N.E.2d 961, 964 (Ohio 2007), *overruled in part by State v. Fischer*, 942 N.E.2d 332 (Ohio 2009). The Summit County Common Pleas Court voided Wahid's sentence of post-release control, stating:

> Where the sentence contains improper notification of post release control, the Supreme Court of Ohio has declared that the sentence must be considered void.

> In the instant case, defendant is not subject to re-sentencing because he has completed serving the incarceration portion of his sentence. As a result, the determination that his sentence is void means that defendant cannot now be

> sentenced to a period of post release control.  Pursuant to *Bezak*, this court hereby declares that defendant has fully completed his sentence and is not subject to post release control.  To the extent the Adult Parole Authority has placed defendant on post release control, that placement is invalid and must be terminated forthwith.

(internal citation omitted).  The Ohio Supreme Court later stated that "[i]t is only the post-release-control aspect of the sentence that is void and that must be rectified.  The remainder of the sentence . . . remains valid under the principles of res judicata." *Fischer*, 942 N.E.2d at 339.  Clearly, Wahid's voided post-release control sentence does not affect the underlying conviction, and, therefore, it does not change the outcome of the guidelines calculation.  The district court did not err in calculating Wahid's Criminal History Category and classifying him as a career offender.

## IV.

Singleton argues that he received ineffective assistance of counsel because his counsel did not tell him that he might receive a two level enhancement for possession of a weapon.  Although the PSR included an additional two-point enhancement for possession of a firearm, Singleton's written plea agreement did not include the two-level enhancement.  His agreement did state, however, that its recommendations would not bind the court.  Contrary to Singleton's assertion, the record does not support his claim of ineffective assistance of counsel, and in any event, he suffered no prejudice.

"Ineffective assistance of counsel claims are mixed questions of law and fact, which we review *de novo* on appeal." *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003).  In order to prevail on his ineffective assistance of counsel claim,

> First, the defendant must show that counsel's performance was deficient [such that] counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This

requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To show prejudice "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Singleton appears to argue that he would not have pleaded guilty had his counsel told him that the court might impose a two-level enhancement, thus increasing his guidelines range from 120-150 months to 140-175. However, the plea agreement stated explicitly that the sentencing recommendations were not binding on the court. Furthermore, Singleton's 140-month sentence falls within the range contemplated in the recommended sentencing range.

## V.

Singleton also appeals his sentence, but he waived that right in his written plea agreement [R. 441, at 2102] and "[a] defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (quoting *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)). "Criminal defendants may waive their right to appeal as part of a plea agreement so long as the waiver is made knowingly and voluntarily." *United States v. Swanberg*, 370 F.3d 622, 625 (6th Cir. 2004). "This Court reviews the question of whether a defendant waived his right to appeal his sentence in a valid plea agreement de novo." *Id.* at 626 (quoting *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003).

Singleton acknowledged under oath at the plea hearing that he: (1) had discussed this case and this plea agreement in detail with his counsel, who advised him of his constitutional and

other trial and appeal rights; (2) had sufficient time and opportunity to discuss all aspects of the case in detail with counsel; (3) fully understood the plea agreement; (4) was satisfied with the legal counsel and assistance provided by his attorney; and (5) had entered into the agreement voluntarily. Singleton provides no evidence to call into question his knowing and voluntary waiver, and he has therefore waived his right to appeal his sentence.

## VI.

For the foregoing reasons, we AFFIRM Wahid and Singleton's convictions and sentences.

**KAREN NELSON MOORE, Circuit Judge, dissenting in part.** I dissent from Part IV of the opinion. I would not resolve the ineffective-assistance-of-counsel claim on this record. Generally, we do not review such claims on direct appeal where the record is not fully developed. *See United States v. Penaloza*, 648 F. App'x 508, 529 (6th Cir. 2016). Here the record is thin regarding why the facts underlying the firearm enhancement were included in Singleton's plea agreement when the sentencing-related stipulations did not contemplate application of a firearm enhancement. The ineffective-assistance issue should be resolved in a 28 U.S.C. § 2255 proceeding rather than on direct appeal.